IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                                  Case No. 21-PO-70043-TJJ

MASON GARRETT,

          Defendant.

## ORDER

This matter is before the Court on two motions filed by Defendant Mason Garrett in this closed case. He has filed a motion "to re-open" and force the Circuit Court of Henry County, Missouri to provide records to him (ECF No. 20). He has filed another motion (ECF No. 22) referencing matters in his case in the Circuit Court of Benton County, Missouri. Although Defendant's requests are hard to follow, it appears he is seeking relief in two 2024 state court proceedings in Missouri that are unrelated to his 2021 Fort Leavenworth case, which was resolved and closed on November 16, 2021.[1]

The Court sympathizes with Defendant's frustration in his ongoing proceedings in the Missouri state courts, however, this Court does not have jurisdiction over those proceedings. If Plaintiff desires copies of documents or other relief in those state-level proceedings, he should seek such relief in those courts. To the extent he seeks relief in this Court, the Court is without authority to grant such relief. The mandamus statute, 28 U.S.C. § 1361, grants federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or

---

[1] In his Fort Leavenworth case, Defendant Garrett pled guilty to a Class B misdemeanor for failure to show proof of motor vehicle liability insurance coverage and was ordered to pay a $10 assessment and $100 fine. The other count against him was dismissed. *See* Judgment (ECF No. 16).

employee of the United States or any agency thereof to perform a duty owed to the plaintiff." But Defendant does not seek an order compelling a *federal* officer or employee to perform a duty; he seeks an order compelling Missouri *state* circuit courts to perform their duties. It is well-established that "[n]o relief against state officials or state agencies is afforded by § 1361."[2] In other words, "[f]ederal courts have no power to issue writs of mandamus to state officers."[3] Even more specifically, the Tenth Circuit has held that federal courts "have no authority to issue such a writ [of mandamus] to direct state courts or their judicial officers in the performance of their duties."[4] Thus, the Court cannot grant Defendant Garrett's requests for relief in his state court cases.

**IT IS THEREFORE ORDERED** that Defendant Garrett's Motions requesting relief in his state court cases (ECF No. 20 and 22) are **denied**. This case remains closed.

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Defendant Garrett.

**IT IS SO ORDERED.**

Dated February 25, 2025 in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[2] *Amisub (PSL), Inc. v. State of Colo. Dep't of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989).

[3] *Jackson v. Standifird*, 463 F. App'x 736, 738 n.1 (10th Cir. 2012) (unpublished) (citing 28 U.S.C. § 1361; *Amisub*, 879 F.2d at 790).

[4] *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (quoting *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (internal quotation marks omitted)).